**WILK AUSLANDER LLP**
825 Eighth Avenue, 29th Floor
New York, NY 10019
(212) 981-2300
Eric J. Snyder, Esq.

*Proposed Special Litigation Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CRANE ENTERPRISES, LLC.,<br><br>Debtor. | Chapter 11<br><br>No. 25-10405(DSJ) |
| CRANE ENTERPIRSES, LLC.,<br><br>Plaintiff,<br><br>-vs-<br><br>MICHAEL E. CRANE, DANIEL M. CRANE, JOHN DOE AND JANE DOE (Fictitious Persons)<br><br>Defendants. | Adv. Pro. No. 25-_____(DSJ) |

## COMPLAINT

Crane Enterprises, LLC (the "Debtor" or "Plaintiff"), by its attorneys, for this Complaint herein alleges as follows upon knowledge as to itself and as to others:

1. The Debtor brings this action seeking turnover of the cooperative apartment commonly known as 360 Shore Road, Apt. 8L, Long Beach, New York (the "LB Apt.") from defendants Michael E. Crane and/or Daniel M. Crane.

1

## JURISDICTION AND PARTIES

2. On March 4, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code") with this Court.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This adversary proceeding is commenced pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure and § 542 of the Bankruptcy Code.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this proceeding arises under, and is in connection with, a case under the Bankruptcy Code.

6. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O).

7. Should the Bankruptcy Court determine that this is a non-core proceeding, the Debtor consents to the issuance by the Bankruptcy Court of recommendations containing proposed findings of fact and conclusions of law to the District Court.

8. Defendant Michael E. Crane and/or Daniel M. Crane are individuals who have possession of and/or reside in the LB Property.

9. Defendants John Doe and Jane Doe are fictitious persons whose identities are not currently known to Debtor and are believed by Debtor to be persons who may have possession of and/or reside in the LB Property.

## BACKGROUND

### Ownership of Debtor

10. The Debtor is owned 50% by the Estate of Rhoda Crane (the "R. Crane Estate") and 50% by the Estate of Joyce Crane (the "J. Crane Estate").

11. The R. Crane Estate is controlled by David M. Repetto, an attorney, and he is the Court-appointed Administrator of the R. Crane Estate.

12. David Repetto is President of the Debtor.

13. The J. Crane Estate is controlled by Stuart Reiser, an attorney, and the Court-appointed Substitute Administrator of the J. Crane Estate.

14. Mr. Reiser is the Secretary and Treasurer of the Debtor.

15. Messrs. Reiser and Repetto have overseen the management of the Debtor since 2021.

**The LB Apt.**

16. On July 31, 2002, Xander Corp, the owner/sponsor of the corporation that owns the improved real property where the LB Apt. is located, issued 99 shares to the Debtor related to the LB Apt.

17. On July 31, 2002, the Debtor executed a proprietary lease with Xander Corp. reflecting its possessory right to the LB Apt.

18. Since, 2021, Michael E. Crane and/or his adult son, Daniel M. Crane, reside in the LB Apt.

19. During 2022, the Debtor commenced an eviction action against Michael E. Crane in the Civil Part, District Court (the "District Court") to evict Michael E. Crane from the LB Apt. (Index No. LT-4282-22)(the "District Court Action").

20. On November 18, 2024, the District Court entered an order of possession and a warrant of eviction (the "Eviction Order") in the District Court Action against Michael E. Crane which was stayed through January 31, 2025. A copy of the Eviction Order is annexed hereto as Ex. A.

**COUNT I**

(Turnover as to Michael E. Crane and Daniel M. Crane)

21. The Debtor repeats and realleges paragraphs 1 through 20 herein.

3

22. Michael E. Crane and/or Daniel M. Crane resides in the LB Apt.

23. The LB Apt. constitutes property of the Debtor's bankruptcy estate.

24. Michael E. Crane and/or Daniel M. Crane do not hold valid possessory interests in the LB Apt.

25. Pursuant to §542 of the Bankruptcy Code, Plaintiff is entitled to possession of the LB Apt..

WHEREFORE, the Bankruptcy Court should enter on Order:

A. As to Count I, directing that Defendants Michael E. Crane and Daniel M. Crane turn over possession of the LB Apt. to the Debtor; and

B. Such other and further relief as may seem to the Court just and proper.

Dated: New York, New York
March 5, 2025

**WILK AUSLANDER LLP**
Proposed Special Counsel for the Debtor

By: /s/ Eric J. Snyder
　　　Eric J. Snyder, Esq.
825 Eighth Avenue, 29th Floor
New York, NY 10019
(212) 981-2300

EXHIBIT A

FIRST DISTRICT : CIVIL PART

Index No. LT-4282-22

Crane Enterprises, LLC

Plaintiff(s),

against

Michael Crane et al

Defendants(s)

Present:

Hon. C Coschignano

The following papers were considered by the Court on this motion:
- Notice of Motion/ OSC & Affidavit......
- Affirmation in Response................
- Reply Affidavit............................

## ORDER

After a full and fair TRIAL This Court finds in favor of Petitioner and grants a Judgment of Possession and Warrant of Eviction in favor of Petitioner and Against Respondent. Execution of Warrant of Eviction is Stayed until 1/31/25.

This constitutes the order of the Court.

Dated: November 18, 2024

ENTER:

_____
DISTRICT COURT JUDGE
HON. CHRISTOPHER J. COSCHIGNANO

CC:
Attorney for Plaintiffs(s)
Attorney for Defendant(s)
M-3567   DC291 C   REV:03/2024