**WILK AUSLANDER LLP**
825 Eighth Avenue, 29th Floor
New York, NY 10019
(212) 981-2300
Eric J. Snyder, Esq.

*Special Litigation Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CRANE ENTERPRISES, LLC,<br><br>           Debtor. | Chapter 11<br><br>No. 25-10405 (DSJ) |
| CRANE ENTERPRISES, LLC,<br><br>           Plaintiff,<br><br>-vs-<br><br>MICHAEL E. CRANE, DANIEL M. CRANE, JOHN DOE AND JANE DOE (Fictitious Persons)<br><br>           Defendants. | Adv. Pro. No. 25-01040 (DSJ) |

**MOTION BY DEBTOR: (A) AUTHORIZING THE DEBTOR TO EVICT THE DEFENDANTS AND TO SEEK THE ASSISTANCE OF THE UNITED STATES MARSHALLS SERVICE TO AID IN THE EVICTION; AND (B) SEEKING TO HOLD MICHAEL E. CRANE AND DANIEL M. CRANE IN CONTEMPT**

Crane Enterprises, LLC, the debtor and debtor-in-possession herein (the "Debtor" or "Plaintiff"), files this Motion (the "Eviction Motion"), seeking entry of an Order of the Bankruptcy Court, pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9020:

a) authorizing Debtor to take all necessary actions to evict the Crane Defendants[1] from the Apt, including seeking the assistance of the United States Marshalls Service ("USMS"); and b) holding the Crane Defendants in contempt for violating the Order (the "Turnover Order")[ECF#11] granting the motion (the "Turnover Motion") for judgment and directing the turnover of the Apt. to the Debtor [ECF #6]. In support of the Eviction Motion, Debtor states as follows:

## PRELIMINARY STATEMENT

1. More than two weeks ago, this Court entered the Turnover Order directing the Crane Defendants to turn over the Apt. to the Debtor. The Crane Defendants have failed and refused to abide by the Turnover Order. Indeed, the Crane Defendants only sought to stay enforcement of the Turnover Order in this Court during the last two hours prior to expiration of the fourteen-day statutory stay.

2. In the Turnover Order, the Court recognized that ample statutory authority exists to allow the Court to take steps to assist the Debtor in evicting the Crane Defendants, including seeking the assistance of the USMS. The Crane Defendants have no legal right to possess the Apt. and have actively interfered with Debtor's fiduciary duty to take control of its property. The time has come to allow the Administrators to fulfill their charge, take possession of the Apt. and sell the Apt. for the benefit of all parties-in-interest. For these reasons, the Eviction Motion should be granted.

## BACKGROUND

3. On July 29, 2025, the Court issued a decision (the "Written Opinion") granting the Debtor judgment and directing the Crane Defendants to turn over the Apt. to the Debtor. *Crane*

---

[1] Capitalized terms used herein shall retain the meanings ascribed to them in the Turnover Motion, unless otherwise defined.

*Enterprises vs. Michael E. Crane and Daniel M. Crane, et al.*, 2025 WL 2157991 (Bankr. S.D.N.Y. July 29, 2025).

4. On July 30, 2025, the Court entered the Turnover Order granting judgment and directing the turnover of the Apt. to the Debtor. At the conclusion of both the Written Opinion and the Turnover Order, the Court granted Debtor the right to seek additional relief if the Turnover Order was not stayed and the Crane Defendants refused to surrender the Apt.: "The Court will afford Defendants an opportunity to voluntarily comply with this ruling. If they fail to do so without obtaining a stay that authorizes their continued occupancy, Debtor may apply for an order directing Marshal assistance on shortened notice." *See* Turnover Order; Written Opinion at *10.

5. On August 13, 2025 (the "Stay Expiration Date"), the statutory stay of enforcement of the Turnover Order expired. *See* FRCP 62. The Crane Defendants failed to obtain an extension of the stay prior to the Stay Expiration Date.

6. Instead, the Crane Defendnats waited until the late evening of the Stay Expiration Date to even seek a stay of the Turnover Order. [ECF # 12]

### RELIEF REQUESTED

7. By this Eviction Motion, the Debtor seeks assistance in evicting the Crane Defendants from the Apt. Ample statutory authority, as well as the Written Opinion and Turnover Order, allows the Debtor to request, and the Court to authorize, the eviction of the Crane Defendants. In addition, considering the Crane Defendants' contumacious behavior, the Court should impose monetary sanctions against the Crane Defendants for violating the Turnover Order and failing to turn over the Apt. to the Debtor.

**STATUTORY AUTHORITY FOR RELIEF SOUGHT**

8. In the Written Opinion, the Court outlines the authority that allows the Court to assist the Debtor in evicting the Crane Defendants: "Bankruptcy courts have authority to order eviction from property belonging to the estate. *See, e.g., In re Searles*, 70 B.R. 266, 272–73 (Bankr. D.R.I. 1987) ("By evicting persons from property that passed to a creditor pursuant to a Consent Order, the Bankruptcy Court simply gave effect to its own prior exercise of authority."); *Watson v. LLP Mortg. Ltd. (In re Watson)*, Nos. 2009-10002, 2009-10003, 2016 WL 3349666, at *23–24 (D.V.I. June 15, 2016) (eviction ordered to enforce sale order). Further, 28 U.S.C. § 157(b)(1) gives Bankruptcy Court judges the authority to "enter appropriate orders and judgments." *See also* 11 U.S.C. § 105(a) ("The [bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.")." Written Opinion, at *10.

9. In aid of the eviction, a debtor may also seek assistance from the USMS. *See, e.g., Jensen–Carter v. Hedback* (*In re Stephens*), 2012 WL 1899716, at *4–5 (D. Minn. May 24, 2012) ("The Court concludes that the Bankruptcy Court had jurisdiction and authority to order an eviction because its order was necessary to give effect to its earlier orders."); *See Scarver v. Ellis* (*In re McKeever*), 567 B.R. 652, 665 (Bankr. N.D. Ga. 2017) (bankruptcy courts have authority to order eviction from property of the estate and characterizing such action as "a last resort to enforce compliance with previously entered orders") ("*McKeever*").

10. Furthermore, failure to abide by an order of the Court constitutes contumacious behavior, punishable under Bankruptcy Rule 9020. Bankruptcy Courts in this Circuit possess civil contempt power. *In re Frankel*, 192 B.R. 623, 629 (Bankr. S.D.N.Y. 1996)("*Frankel*"), *citing In re Ionosphere Clubs, Inc.),* 171 B.R. 18, 21 (S.D.N.Y.1994).

11. Sanctions for civil contempt, including reimbursement of legal expenses, serve the objectives of compensating a party for damages resulting from the contempt and coercing compliance with orders of the Court. *Frankel*, 192 B.R. at 631; *In re Stone,* 166 B.R. 269, 275 (Bankr.W.D.Pa.1994) ( "civil contempt sanctions are meant to coerce or to compensate; criminal contempt sanctions to punish"); *McDonald's Corp. v. Victory Investments,* 727 F.2d 82, 87 (3d Cir.1984) ("civil contempt may be employed to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience"); *Latrobe Steel Co. v. United Steelworkers,* 545 F.2d 1336, 1343 (3d Cir.1976).

### THE DEBTOR SHOULD BE AUTHORIZED TO EVICT THE CRANE DEFENDANTS INCLUDING OBTAINING THE ASSISTANCE OF THE USMS

12. In both the Written Opinion and Turnover Order, the Court recognizes the Debtor's right to seek the additional relief of eviction if the Crane Defendants contumaciously refuse to turn over the Apt. after the Stay Expiration Date. That relief includes seeking the assistance of the USMS to aid in the eviction. In *McKeever*, the Bankruptcy Court opined that it would grant the relief seeking turnover and assistance from the USMS as a "last resort".

13. The time has come. The Crane Defendants: a) failed to: (i) pay Debtor either rent or maintenance on the Apt. for since November, 2023[2]; ii) seek an extension of the stay of the Eviction Order subsequent to January 31, 2025; iii) perfect the appeal of the Eviction Order prior to the March 4, 2025 bankruptcy filing (the "Petition Date"); iv) seek stay relief to perfect the appeal of the Eviction Order until after the Turnover Motion was fully briefed, four months after the Petition Date; or v) seek a stay of the Turnover Order until hours prior to the Stay Expiration Date.

---

[2] The Crane Defendants have stated previously that they stopped remitting maintenance because they were instructed to cease making these payments by the Administrators. This statement is absurd and false. *See* Declaration of David Repetto annexed hereto as Exhibit A.

14. As a result, the Debtor cannot discharge its duty to the creditors to take possession of, and liquidate, the Debtor's assets for the benefit of the estate, absent the granting of additional relief by this Court. Therefore, the Debtor should be authorized, and the USMS should be directed, if necessary, to assist the Debtor in taking possession and control of the Apt.

### THE CRANE DEFENDANTS SHOULD BE HELD IN CIVIL CONTEMPT FOR THEIR CONTUMACIOUS BEHAVIOR

15. In addition to enforcement of Debtor's turnover rights, the Bankruptcy Court also possesses the right and authority to hold the Crane Defendants in civil contempt. In light of the Crane Defendants knowing failure to turn over the Apt. and the continued cost to the estate to maintain the Apt., the Crane Defendants should be assessed a fine/punishment equal to: a) $10,000, the approximate legal cost incurred by the estate due to the filing of the Eviction Motion; and b) $1,000 a day for each day that the Crane Defendants fail and refuse to turn over the Apt.[3]

### DEBTOR SEEKS EXPEDITED RELIEF

16. Both the Written Opinion and Turnover Order allow the Debtor to seek the relief sought herein on shortened notice. Considering the continued diminution in the value of the Apt., and the potential of future harm, expedited relief is appropriate in this case.

17. No prior request for the relief sought herein has been made to this or any other Court.

---

[3] Debtor reserves the right to seek a finding of criminal contempt, and a penalty of incarceration, as relief against the Crane Defendants. *Frankel,* 192 B.R. at 631-32.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests that the Bankruptcy Court enter an Order, substantially in the form annexed hereto as Exhibit B: a) authorizing the Debtor to evict the Crane Defendants and to seek the assistance of the USMS, if necessary, in aid of the eviction; b) authorizing the imposition of monetary fines as set forth in the Eviction Motion; and c) such other and further relief as may seem to the Court just and proper.

Dated: New York, New York
August 14, 2025

**WILK AUSLANDER LLP**
Special Litigation Counsel
for the Debtor

By: /s/ Eric J. Snyder
     Eric J. Snyder, Esq.
825 Eighth Avenue, Suite 2900
New York, NY 10019

# EXHIBIT A

**WILK AUSLANDER LLP**
825 Eighth Avenue, 29th Floor
New York, NY 10019
(212) 981-2300
Eric J. Snyder, Esq.

*Proposed Special Litigation Counsel for the Debtor*

| | |
|---|---|
| In re:<br><br>CRANE ENTERPRISES, LLC,<br><br>              Debtor. | Chapter 11<br><br>No. 25-10405 (DSJ) |
| CRANE ENTERPRISES, LLC,<br><br>              Plaintiff,<br><br>-vs-<br><br>MICHAEL E. CRANE, DANIEL M. CRANE, JOHN DOE AND JANE DOE (Fictitious Persons)<br><br>              Defendants. | Adv. Pro. No. 25-01040<br>(DSJ) |

## DECLARATION OF DAVID REPETTO

I, David Repetto, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

1. I am president of Crane Enterprises, LLC. I understand Michael Crane and/or Daniel Crane satisfied the maintenance charges on the Apt.[4] through November, 2023, but ceased making these payments subsequent to that date. I never directed either Michael Crane or Daniel

---

[4] Capitalized terms used herein shall retain the meanings ascribed to them in the Contempt Motion, unless otherwise defined.

Crane, either through their counsel or otherwise, to cease paying maintenance to Xander Corp., the sponsor of the Apt.

Executed on the 13th day of August 2025

                                                                              <u>/s/ David Repetto</u>
                                                                              DAVID REPETTO

EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CRANE ENTERPRISES, LLC,<br><br>                      Debtor. | Chapter 11<br><br>No. 25-10405 (DSJ) |
| CRANE ENTERPRISES, LLC,<br><br>                      Plaintiff,<br><br>-vs-<br><br>MICHAEL E. CRANE, DANIEL M. CRANE, JOHN DOE AND JANE DOE (Fictitious Persons)<br><br>                      Defendants. | Adv. Pro. No. 25-01040 (DSJ) |

**ORDER GRANTING MOTION BY DEBTOR AUTHORIZING THE DEBTOR TO EVICT THE DEFENDANTS AND TO SEEK THE ASSISTANCE OF THE UNITED STATES MARSHALLS SERVICE TO AID IN THE EVICTION AND SEEKING TO HOLD MICHAEL E. CRANE AND DANIEL M. CRANE IN CONTEMPT**

UPON the motion (the "Eviction Motion") of Crane Enterprises, LLC (the "Debtor"), the debtor in the above-referenced chapter 11 case, seeking an Order of the Bankruptcy Court, pursuant to §105(a) of the Bankruptcy Code and Bankruptcy Rule 9020: a) authorizing Debtor to take all necessary actions to evict the Crane Defendants[5] from the Apt, including seeking the assistance of the United States Marshalls Service ("USMS"); and b) holding Michael E. Crane and Daniel M. Crane (the "Crane Defendants") in contempt; and after reviewing the Eviction Motion, all objections and replies; and where there was a hearing (the "Hearing") on the Eviction Motion

---

[5] Capitalized terms used herein shall retain the meanings ascribed to them in the Eviction Motion, unless otherwise defined.

on August __, 2025 in the Bankruptcy Court; and upon representation made at the Hearing and the entire record; it is hereby

**ORDERED**, the Eviction Motion is granted; and it is further

**ORDERED**, the Debtor may take all steps necessary to evict the Crane Defendants from the Apt., including changing the locks on the Apt., and notifying Xander Corp., the Sponsor of the building where the Apt. is located, 360 Shore Road, Long Beach, New York (the "Building") that the Crane Defendants shall not have access to either the Building or the Apt.; and it is further

**ORDERED**, that the Debtor may contact the United States Marshalls Service ("USMS") to assist the Debtor in evicting Michael E. Crane and Daniel M. Crane and any other individual residing in the Apt.; and it is further

**ORDERED**, that, upon request of the Debtor, the USMS is authorized and directed to immediately take all actions necessary to evict and eject Michael E. Crane and Daniel M. Crane and any other individual residing in the Apt.; and it is further

**ORDERED**, that, pursuant to Bankruptcy Rule 9020, the Crane Defendants are in civil contempt of the Turnover Order; and it is further

**ORDERED**, the Crane Defendants are jointly and severally liable and responsible to pay the Debtor the sum of $_____ for legal fees incurred by the Debtor in prosecuting the Eviction Motion; and it is further

**ORDERED,** commencing July 30, 2025, and for each immediately subsequent day, the Crane Defendants are jointly and severable directed to pay to the Debtor the sum of $_____ until the Debtor maintains sole and exclusive possession of the Apt.; and it is further

**ORDERED**, that the Bankruptcy Court shall retain sole and exclusive jurisdiction to hear and determine any further proceedings required to implement, interpret, or enforce this Order.

Dated: New York, New York
       August __, 2025

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE